Peck, J.
delivered the opinion of the court.
Notwithstanding the magnitude of the record in this case, and number of facts submitted to, and found by the jury, the governing principles necessary to its determination are few.
The ripening of occupancies into perfect rights has been constantly favoured by the legislature. The acts of 1806, ch. 2, sec. 2: 1807, ch. 2, sec. 36: 1809, ch. *102 12, sec. 2: 1807, ch. 103, sec. 1: 1820, ch. 15: Oct. session, same year, ch. 27, sec. 2: 1823, ch. 26, sec. 5: same year, ch. 35, sec. 4:1819, ch. 1, sec. 9:1823, ch.49: sec. 3, are all of them legislative provisions on this subject, providing for almost every conceivable case of occupancy.
After the withdrawal of the warrant from the land in controversy, the same became vacant; that effect upon the title having been produced by the act of those directly interested in preserving it, the court will not be astute in its endeavours to fix George in, as holding for any one but himself; his tenancy at best, being held by a verbal lease, could last but one year. The contract for a lease being for a longer period, was void by the statute of frauds, unless by a fiction we place him in, contrary to the terms of the contract from year to year.
This we will not do, because the justice of the case does not require it. Had the question been submitted to the jury, whether or not the warrant had been drawn off the land in fraud of the state, and the jury had found the fact to be that it had been so done, which is probable, all those participating in the fraud would have been without relief before this court, and the caveals dismissed.
The finding on the twenty-second issue submitted, shows Gordon in actual possession of twenty acres of the land. George had cleared and occupied a part also.
Both have entered the whole as occupants, and are covered by the words and spirit of the act of 1823, ch. 49, sec. 3. The provisions of this act govern the case, and brings us to the same conclusion that must have directed the circuit court in making the division of the land between these parties, as provided by section 4 of the act. We are the more reconciled to this result, because the effect of it will be to make men holding by the best title, content to rest upon it in future. Ancient rights ought to be esteemed as preferable to those made to arise out of caprice or experiment.
*103 Catron, Ch. J.
In this cause I aeree in the result of , .. ¶ i • .... T1 t»ii the opinion delivered by Judge Jreck: but,
1. I deem it unnecessary to decide whether the raising of the warrant from the 160 acres of land affected the title of Gordon. If he had no agency in raising the warrant, and committing a fraud on the state, I imagine he would not be prejudiced by the acts of his vendors. The parties have here litigated their occupant entries, and nothing more, treating the land as vacant.
2. I deem it unnecessary to determine whether George could controvert the title of Gordon until he surrendered the possession. The case of Smith T. vs. Wilson, decided by this court in 1825, Haywood and Peck and Williams concurring, might be conflicted with, to say George could disavow Gordon as his landlord. The court below treated George’s possession as holding no relation to Gordon, and adjudged the land to them jointly, because both were in actual possession at the passage of the act of 1823. George may have held possession for Gordon, yet Gordon has not complained, and assigns no errors in this court, and therefore the judgment must be aíürmed, although it might be prejudical to Gordon.
Judgment affirmed .